# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### SOUTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 17-05027-01-CR-SW-RK |
| | ) |
| Plaintiff, | ) Springfield, Missouri |
| | ) November 20, 2017 |
| v. | ) |
| | ) |
| JAMES M. CHAPMAN, | ) |
| | ) |
| Defendant. | ) |

**TRANSCRIPT OF HEARING ON CHANGE OF PLEA**
**BEFORE THE HONORABLE DAVID P. RUSH**
**UNITED STATES MAGISTRATE JUDGE**

APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | Mr. Casey M. Clark |
| | Assistant United States Attorney |
| | 901 St. Louis St., Ste. 500 |
| | Springfield, MO 65806 |
| | (417) 831-4406 |
| For the Defendant: | Mr. Michelle Law |
| | Federal Public Defender's Office |
| | 901 St. Louis St., Ste. 800 |
| | Springfield, MO 65806 |
| | (417) 873-9022 |
| Court Audio Operator: | Ms. Karla Berziel |
| Transcribed by: | Rapid Transcript |
| | Lissa C. Whittaker |
| | 1001 West 65th Street |
| | Kansas City, MO 64113 |
| | (816) 914-3613 |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

(Court in Session at 10:24 a.m.)

THE COURT: Calling in *United States vs. James Chapman*. The defendant appears in person along with his attorney, Ms. Michelle Law. The United States appears by Assistant United States Attorney, Mr. Casey Clark. This matter is set this morning for a change of plea to Counts One and Two of the Indictment returned against this defendant on June 13th of 2017. Mr. Chapman, you have signed a consent to have these proceedings for a plea of guilty before a Magistrate Judge, with the understanding that a United States District Judge, a judge of higher jurisdiction, will keep your case for acceptance of the plea of guilty and sentencing. Even though you signed this consent you have a right, if you wish, to appear before a United States District Judge, a judge of higher jurisdiction, for these proceedings. At any appearance before the District Judge, you're presumed innocent until such time, if ever, as the United States establishes your guilt beyond a reasonable doubt to the satisfaction of the judge or jury. You always have a right to be present and to confront and cross-examine witnesses. You have a right to use the power of the court to subpoena evidence on your behalf and you have a right to testify or not testify as you would choose. And if you chose not to testify it would not be held against you as that is your right. If, after understanding the charges against you, the range of punishment, if convicted, and your right to appear before a District Judge, if you wish,

1  you may waive or give up that right and proceed this morning
2  before the Magistrate Judge. As I indicated, you have signed
3  such a consent. Do you understand that you have a right to
4  appear before a United States District Judge, a judge of higher
5  jurisdiction, for these proceedings?
6       MR. CHAPMAN: Yes, sir.
7       THE COURT: And if you wouldn't mind, that microphone in
8  front of you -- just pull it straight up. And I can hear you
9  fine but this is being recorded and so if you just would speak up
10 when you answer. And is it your desire to give up that right and
11 proceed this morning before the Magistrate Judge?
12      MR. CHAPMAN: Yes, Your Honor.
13      THE COURT: Mr. Chapman, do you understand the charge
14 against you in Count One of the Indictment in this case?
15      MR. CHAPMAN: Yes, sir.
16      THE COURT: Do you understand that if convicted of the
17 charge in Count One, that the maximum penalty the court may
18 impose is not more than five years imprisonment, not more than a
19 $250,000 fine, not more than three years supervised release, and
20 a $100 mandatory special assessment?
21      MR. CHAPMAN: Yes, Your Honor.
22      THE COURT: To the charge in Count One, how do you wish
23 to plead, guilty or not guilty?
24      MR. CHAPMAN: Guilty.
25      THE COURT: Do you understand the charge against you in

1 Count Two of the Indictment in this case?

2     MR. CHAPMAN: Yes, sir.

3     THE COURT: Do you understand that if convicted of the
4 charge in Count Two, that the maximum penalty the court may
5 impose is again not more than five years imprisonment, not more
6 than a $250,000 fine, not more than three years supervised
7 release, and a $100 mandatory special assessment?

8     MR. CHAPMAN: Yes, Your Honor.

9     THE COURT: To the charge in Count Two, how do you wish
10 to plead, guilty or not guilty?

11     MR. CHAPMAN: Guilty.

12     THE COURT: Would you please raise your right hand?

13     JAMES M. CHAPMAN, DEFENDANT, SWORN

14     THE COURT: Has anyone made any threat of any kind to
15 force you to plead guilty or get you to give up any of the other
16 rights we've discussed this morning?

17     MR. CHAPMAN: No, sir.

18     THE COURT: Has anyone promised you anything to induce
19 you or overcome your will to get you to plead guilty or give up
20 any of the other rights we've discussed?

21     MR. CHAPMAN: No, sir.

22     THE COURT: I mentioned to you that there was a
23 supervised release term of not more than three years that could
24 be imposed in your case as to both Counts One and Two. Do you
25 understand that if those terms were imposed and then revoked for

any reason, that you could be required to serve an additional term of imprisonment of not more than two years as to both Counts One and Two, and if that happened, you would receive no credit for any other time you had spent either in custody or on release?

MR. CHAPMAN: I understand.

THE COURT: And do you understand that the court could then impose an additional term of supervised release as to both Counts One and Two, which is governed by the maximum of the statute, minus any time you'd spent in custody as a result of a violation?

MR. CHAPMAN: Yes, sir.

THE COURT: Do you understand that from a sentence imposed in your case that there is no parole?

MR. CHAPMAN: Yes, sir.

THE COURT: Do you understand that there are Sentencing Guidelines to which the District Court would refer to in an advisory capacity when attempting to fashion a reasonable sentence in your case?

MR. CHAPMAN: I understand.

THE COURT: Have you discussed the guidelines with your attorney?

MR. CHAPMAN: Yes, sir.

THE COURT: And do you understand them?

MR. CHAPMAN: Yes, I do.

THE COURT: Do you understand that the final decision as

1  to how the guidelines are calculated and ultimately what sentence
2  will be imposed rests with the District Judge?
3     MR. CHAPMAN: Yes, sir.
4     THE COURT: If the District Judge or sentencing judge
5  would calculate the guidelines differently from what you've
6  discussed with Ms. Law, that fact would not give you the right to
7  withdraw or change your plea of guilty. Do you understand that?
8     MR. CHAPMAN: Yes, Your Honor.
9     THE COURT: Once the District Judge establishes the
10 advisory guideline range, in some circumstances, you could be
11 sentenced above that range and, in other circumstances, you could
12 be sentenced below that range. And again, the judge's decision,
13 if you disagreed, would not give you the right to withdraw your
14 plea of guilty. Do you understand that?
15    MR. CHAPMAN: Yes, I do.
16    THE COURT: Now, Mr. Chapman, you have a right to a
17 trial by jury with all the protections that I explained to you at
18 the beginning of these proceedings. Do you understand your right
19 to a trial by jury?
20    MR. CHAPMAN: Yes, sir.
21    THE COURT: And do you understand that if the court
22 accepts your pleas of guilty that there won't be a trial?
23    MR. CHAPMAN: Yes, I understand.
24    THE COURT: Now I'm going to ask you about the offenses
25 charged in Counts One and Two of the Indictment. I would remind

you that you are under oath. You must answer truthfully. Any false answers could result in charges of false swearing or perjury. You always have the right to remain silent. And it's my understanding the Court has been advised that the parties have entered into a stipulation in regard to the Factual Basis for the Guilty Plea. Mr. Clark, you want to make a record in regard to that stipulation?

MR. CLARK: Yes, Your Honor. Thank you. The parties have entered into a stipulated factual basis for the purposes of this change of plea hearing. All parties, including the Government, the defendant and his attorney have signed it and dated it today. And so upon admission, and the Government and the parties are asking for the Court to admit this, the Government will scan this and enter it into ECF after this hearing.

THE COURT: And, Ms. Law, is that your understanding also?

MS. LAW: It is, Your Honor.

THE COURT: And, Mr. Chapman, have you read the stipulation that the Government and your attorney have also signed and that the Government is moving to file at this time? Have you read that?

MR. CHAPMAN: Yes, sir.

THE COURT: And are the statements contained in that stipulation true?

1    MR. CHAPMAN: Yes.

2    THE COURT: Did you, in fact, do the things that the
3 stipulation states you did?

4    MR. CHAPMAN: Yes, sir.

5    THE COURT: All right. Well, I will go ahead and allow
6 you to admit that stipulation with the understanding that you'll
7 be filing that on ECF. Ms. Law -- and I do -- well, Ms. Law,
8 you've looked at the discovery file in this case, have you not?

9    MS. LAW: I have, yes.

10   THE COURT: And based upon your review of the discovery
11 file, are you satisfied, if put to proof, that the United States
12 could make a submissible case as to all the elements pertaining
13 to Counts One and Two of the Indictment as set forth in the joint
14 stipulation?

15   MS. LAW: Yes, I am.

16   THE COURT: There is an adequate factual basis for the
17 pleas of guilty to Counts One and Two. I find that the plea
18 entered is voluntary and did not result from force, threats or
19 promises. Mr. Chapman, you are represented in this case by Ms.
20 Law. Have you had enough time to speak with her about your case?

21   MR. CHAPMAN: Yes, I have, Your Honor.

22   THE COURT: Are you satisfied with the advice that she's
23 given you?

24   MR. CHAPMAN: Yes, sir.

25   THE COURT: The law requires me to ask you if this

1  morning you are on any medication prescribed by a physician or
2  any drugs or alcohol of any kind which would affect your ability
3  to understand these proceedings?
4     MR. CHAPMAN: No, sir, I'm not.
5     THE COURT: Understanding that and the other matters
6  that we've discussed this morning, is it your desire for the
7  court to accept these pleas of guilty?
8     MR. CHAPMAN: Yes, sir.
9     THE COURT: Mr. Clark, on behalf of the United States,
10 do you have any other record under Rule 11 that you think I need
11 to make?
12    MR. CLARK: No, Your Honor. Thank you.
13    THE COURT: And Ms. Law, on behalf of the defendant, do
14 you have any other record under Rule 11 that you think I need to
15 make?
16    MS. LAW: No, Your Honor.
17    THE COURT: I will recommend the pleas of guilty be
18 accepted and I will order a Presentence Investigation to be
19 conducted by the Probation Office. The Court has not been
20 advised by Pretrial Services of non-compliance on your part, Mr.
21 Chapman, while on bond. And so since I know of no reason to
22 revoke your bond, I'm going to continue you on the same
23 conditions of release that were previously imposed. Good luck to
24 you, Mr. Chapman.
25    MR. CHAPMAN: Thank you, Your Honor.

1    THE COURT:  With that, we'll be in recess.
2              (Court Adjourned at 10:33 a.m.)

11

1
2
3
4
5        I certify that the foregoing is a correct transcript
  from the electronic sound recording of the proceeding in the
  above-entitled matter.
6
7
          /s/ Lissa C. Whittaker          November 25, 2017
8         Signature of transcriber              Date
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25