# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | **Case No: 17-05027-01-CR-SW-RK** |
| **JAMES M. CHAPMAN,** | |
| Defendant. | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Timothy A. Garrison, United States Attorney for the Western District of Missouri, and undersigned counsel, respectfully submits this sentencing memorandum in the above-captioned matter, set for a sentencing hearing on August 13, 2018. For the reasons set forth below, and under the factors set out in 18 U.S.C. § 3553(a), the Government respectfully recommends that this Court sentence the defendant, James M. Chapman, to a term of imprisonment of three months for each of his convictions for theft of mail matter by a United States Postal Service employee under Count 1, in violation of 18 U.S.C. § 1709, and delay of mail delivery by a United States Postal Service employee under Count 2, in violation of 18 U.S.C. § 1703(a). The Government recommends that these terms of imprisonment run concurrently and that they be followed by a two-year term of supervised release for each of the defendant's convictions, to run concurrent to one another. The Government also requests that the Court order the defendant to pay $1,150 in restitution to the various victims of his offenses.

## I. BACKGROUND

On June 13, 2017, a grand jury seated in Springfield, Missouri, returned a two-count indictment against the defendant, James M. Chapman, for theft of mail matter by a United States

Postal Service ("USPS") employee under Count 1, and delay of mail delivery by a USPS employee, under Count 2. (D.E. 1.)[1]

On November 20, 2017, the defendant pleaded guilty to each of the above counts, without a plea agreement. (D.E. 23-25, 27.) The United States Probation Office submitted its draft presentence investigation report ("PSR") on February 2, 2018, and neither party objected to its contents and conclusions. (PSR Adden.)[2] The Probation Office then filed the final PSR, which included additional victim loss information, on February 27, 2018. (D.E. 28.) The sentencing hearing is scheduled for August 13, 2018. (D.E. 30.)

## II. FORMULATION OF THE DEFENDANT'S SENTENCE

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court held that the Sentencing Guidelines should be applied in an advisory fashion to meet constitutional demands. *Id.* at 258. While this Court is not bound to impose a sentence based solely on the Guidelines, the Court "nevertheless must consult the Guidelines to calculate a defendant's sentence because the Guidelines are the critical starting point for fashioning a reasonable sentence [under the statutory sentencing factors]." *United States v. Gregg*, 467 F.3d 1126, 1128 (8th Cir. 2006) (internal quotation omitted). Pursuant to the Sentencing Guidelines, the Court "shall determine the kinds of sentencing and the guideline range as set forth in the guidelines by applying the provisions of this manual . . . ." U.S.S.G. §1B1.1(a). After considering the Sentencing Guidelines, the Court, "shall then consider the applicable factors in 18 U.S.C. § 3553(a) taken as a whole." U.S.S.G. §1B1.1(c); *see also* 18 U.S.C. § 3553(a).

---

[1] "D.E." refers to the docket entry of the instant district court criminal case, case number 17-05027-01-CR-SW-RK, and any associated documents.

[2] "PSR Adden." refers to the presentence investigation report addendum, filed with the final presentence investigation report on February 27, 2018.

2

After making that determination, the district court, utilizing the § 3553(a) sentencing factors, can impose a more severe or more lenient sentence, as long as it is reasonable. *See Booker*, 543 U.S. at 263-65. The § 3553(a) factors relevant to this matter are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed – (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established [under the Sentencing Guidelines]; . . . (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Upon correctly calculating the Guidelines range, the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of a sentencing set forth in 18 U.S.C. § 3553(a). *Id*. As explained below, a concurrent sentence of three months' incarceration for each conviction satisfies the criteria set forth in § 3553(a) and is a reasonable and just sentence given the facts and circumstances of the case now before this Court.

### III.  DISCUSSION

A.  **Statutory and Guidelines Calculations**

As a result of the defendant's plea, his statutory maximum sentence for the class D felonies of theft of mail matter and delay of mail delivery by a USPS employee, respectively, is not more than five years' imprisonment. (PSR 10, ¶ 58.) The PSR assessed the defendant a criminal history score of zero, and found that his criminal history category was "I" and the total offense level was eight. *Id.* at 5-6, 10, ¶¶ 27, 31-32, 59. The PSR stated the Court may impose a term of supervised release of not more than three years for each count of conviction. *Id*. at 10, ¶ 61. Based on the

3

defendant's criminal history category of "I" and a total offense level of eight, the Guidelines imprisonment range is zero months to six months within Zone A of the Sentencing Table, with the defendant eligible for probation, and a Guidelines supervised release term of one year to three years for each count. *Id*. at 10-11, ¶¶ 59, 63-64, 66. The Government concurs with this assessment.

## B.      Statutory Sentencing Factors

### 1. *Nature and Circumstances of the Offense and History of the Defendant*

The Government's recommended sentence of three months' incarceration appropriately reflects "[t]he nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). "In fashioning a 'sentence sufficient, but not greater than necessary,' 18 U.S.C. § 3553(a), 'district courts are not only permitted, but required, to consider the history and characteristics of the defendant.'" *United States v. Chase*, 560 F.3d 828, 830 (8th Cir. 2009) (quoting *United States v. White*, 506 F.3d 635, 644 (8th Cir. 2007)). Consequentially, "factors such as a defendant's age, medical condition, prior military service, family obligations…, etc., can form the bases for a variance even though they would not justify a departure." *Id*. at 830-31 (citing *United States v. Ryder*, 414 F.3d 908, 920 (8th Cir. 2005)).

The PSR and the stipulated factual basis thoroughly discussed the nature of this case. (PSR 3-4, ¶¶ 5-13; D.E. 22.) The PSR Addendum also provides detail regarding the effects of the defendant's criminal activity on the victims of his crimes. (PSR Adden.) In this particular case, the defendant abused his position of trust with the USPS to take advantage of the access he obtained to United States citizens' mail matter, by stealing cash and other items from the mail he was employed and obligated to deliver. (PSR 3-4, ¶¶ 5-13; PSR Adden.; D.E. 22.) The United States government entrusted the defendant with this mail matter for delivery and he instead chose to steal from customers of the USPS for more than a year. *Id*.

4

The PSR does not reveal the motive for the defendant's criminal actions. While the defendant may claim that he engaged in these actions because he needed money, the circumstances described in the PSR reveal that he held full-time employment during the time of his criminal conduct. *Id*.

The defendant is a 58-year-old male who has a criminal history score of zero and a criminal history category of "I". (PSR 2, 6, ¶¶ 31-32.) He reported, generally, having a good upbringing and has been married for 37 years, from which he has two children. *Id*. at 7, ¶¶ 38-40. The defendant stated that he has suffered from numerous physical and mental health issues for several years. *Id*. at 7-8, ¶¶ 41-46. The PSR confirmed that he recently received counseling for depression. *Id*. at 8, ¶ 45.

The defendant reported a history of abusing pain medication in the recent past and used marijuana twice since January 2017, including once while he was on bond for this criminal case. *Id*. at ¶¶ 47-48. The Probation Officer was unable to confirm the defendant's statement that he attended substance abuse treatment. *Id*. at ¶ 47.

The defendant graduated from high school in 1978 and received an associate's degree in 1981. *Id*. at 8-9, ¶¶ 49-50. The defendant reported that he worked for the USPS from 1989 until he was terminated for stealing from postal customers in February 2017. *Id*. at 9, ¶ 52. His employment history also includes owning a business and farming. *Id*. at ¶ 53. The PSR does not reflect his current employment status.

In making its recommendation, the Government has taken into consideration the instant offense and the defendant's relevant conduct, including the fact that he grossly abused the trust the USPS placed in him to deliver mail to its customers. The Government has weighed that information with some of the mitigating factors of the defendant's characteristics and history,

5

including his lack of criminal history. The Government believes that its recommendation reflects the appropriate balance between these possible mitigating factors and the nature of his current conduct.

The Guidelines range in this case is zero months to six months. The Government respectfully asserts that a sentence of three months for each of his two counts of conviction is appropriate given the nature and circumstances of this case and the defendant's history.

### 2. *Need to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense*

The recommended sentence also "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Such considerations reflect the need for retribution, the need to make the punishment fit the crime, and the need not just to punish, but to punish justly.

In this case, the seriousness of the defendant's crimes is reflected in the actions described above, as well as in statute and the Sentencing Guidelines. The defendant's theft and delayed delivery of mail matter each subject him to a maximum five-year prison sentence. 18 U.S.C. §§ 1709 and 1703(a).

While the Sentencing Guidelines consider the actions of the defendant when determining a sentencing range, the defendant's offenses in this case further reveal that he engaged in repetitive thefts of USPS customer mail for over a year for, presumably, the purpose of personal greed. Only the discovery of his crimes through the diligent work of USPS and USPS Office of Inspector General personnel prevented him from continuing to fleece countless more dollars from unsuspecting citizens through his scheme. The Guidelines do not account for these facts, which are aggravating factors that should be considered by the Court when reaching an appropriate

6

sentence for the defendant. Ultimately, the defendant's actions in this case demonstrate a lack of respect for the law.

Additionally, the defendant's conduct while on pre-trial release exhibits that even the prospect of receiving a felony conviction and a prison sentence has not motivated him to develop a respect of the law. He violated the conditions of his release on at least one occasion by using marijuana. (PSR 8, ¶ 48.) These actions exhibit the fact that even the filed criminal charges did not cause the defendant to respect the law or realize the seriousness of his offenses and the related consequences. Given the recidivist nature of the defendant's offenses and his substance abuse history, including that which occurred while on pre-trial release, the Government has concerns about his prospects for succeeding on probation.

Based on the defendant's history and actions, a three-month sentence reflects the seriousness of the offense, promotes respect for the law, and provides punishment that is sufficient, but not greater than necessary.

### 3. *Need to Afford Adequate Deterrence to Criminal Conduct*

A three-month sentence would also "afford adequate deterrence to criminal conduct" and would "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(B)-(C). The Government asserts that the more serious the crime, and the greater the defendant's role in it, the more important it is to send a strong and clear message that will not only deter others, but will also deter the specific defendant. Given the defendant's repetitive and lengthy criminal conduct in the instant case, the Government believes a prison sentence is essential to send such message.

In this case, the defendant stole mail from his customers and acted to conceal his thefts by hiding packages and mail matter while authorities were investigating his crimes. He utilized his knowledge of the USPS mail delivery system to steal mail and currency from USPS customers.

7

Case 3:17-cr-05027-RK   Document 31   Filed 07/25/18   Page 7 of 11

The defendant's criminal activity ended only after his employer discovered the scheme. Indeed, the defendant was caught "red-handed" engaging in this criminal scheme.

While this case is certainly not controlling within the Eighth Circuit, in *United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006), the Court noted that generally "[E]conomic and fraud-based crimes are . . . prime candidates for general deterrence. Defendants in white collar crimes often calculate the financial gain and risk of loss, and white collar crime therefore can be affected and reduced with serious punishment." Such an argument can be made in this case as the defendant certainly understood the unlawfulness of his actions and the risks associated with his criminal conduct, yet those penalties were outweighed by the defendant's desire to reap the financial rewards from his illegal actions.

As such, the Government believes that a term of imprisonment in this circumstance is appropriate and necessary. Such a sentence is essential to protect the community, educate the defendant that any future criminal behavior will ensure even lengthier periods of incarceration, and protect this federal agency, and the citizens who depend on it, from future criminal conduct by this defendant or other similarly situated individuals. The Government asserts that a three-month sentence will provide a deterrent to this defendant and those with a similar criminal history who commit similar crimes against the United States and its citizens, while sending a message that this type of activity will not be tolerated.

### 4. *Need to Protect the Public from Further Crimes of the Defendant*

"Adequate protection is a function of two variables: the level of risk that conduct will occur and the level of harm that will be inflicted if that conduct does occur." *United States v. Irey*, 612 F.3d 1160, 1217 (11th Cir. 2010) (citing *United States v. Boyd*, 475 F.3d 875, 877-78 (7th Cir. 2007)). A three-month sentence will protect the public from future crimes of this defendant for at

8

least that specific period of time, and possibly even longer, given the message that such a sentence would send to this defendant. The defendant has proven he is a financial danger to the community, and any future employer. Based upon the defendant's history and characteristics, it is clear that society is in need of protection from him.

5. ***Need to Avoid Unwarranted Sentence Disparity Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct***

A sentence of three months would "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). From the outset, a correct calculation of the Guidelines range protects against *unwarranted* disparities among *similarly situated* defendants. *See Gall v. United States*, 552 U.S. 38, 55 (2007) ("avoidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges") (emphasis added). Given the Guidelines range and the defendant's lack of criminal history, the Government's recommendation reflects a sentence that would be consistent with sentences received by those with similar criminal history and conduct.

## IV. CONCLUSION

Ultimately, 18 U.S.C. § 3553 requires this Court to impose a sentence that considers a variety of factors, including the advisory Guidelines range. The Government respectfully requests that the defendant's behavior and history, the need to promote respect for the law, the need to avoid unwarranted disparity in sentences, and any other statutory sentencing factors be considered in reaching an appropriate sentence.

Accordingly, the Government respectfully requests that this Court impose a sentence of three months' imprisonment to be followed by a three-year term of supervised release for each count, respectively. The Government requests that each sentence run concurrently. The

Government also requests that the Court order the defendant to pay $1,150 in restitution to the various victims of his offenses.

>Respectfully submitted,
>
>TIMOTHY A. GARRISON
>United States Attorney
>
>*/s/ Casey Clark*
>Casey Clark
>Assistant United States Attorney
>Western District of Missouri
>901 St. Louis Street, Suite 500
>Springfield, Missouri 65806
>(417) 831-4406

**CERTIFICATE OF SERVICE**

       I hereby certify that on this the 25th day of July 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.

                                                  */s/ Casey Clark*
                                                  Casey Clark
                                                  Assistant United States Attorney